UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

YOLANDA DELIA ARIAS SANTOS,   Civil Action No.: 1:18-cv-10835
Plaintiff
                              "ECF CASE"

vs.
                              **AMENDED COMPLAINT**
                              **FOR DAMAGES**
                              **JURY TRIAL DEMANDED**

LATAM AIRLINES GROUP S.A., a foreign
Corporation,
Defendant
_____x

## COMPLAINT

Plaintiff, through her attorneys, brings this action against the Defendant and respectfully alleges as follows:

1. This action seeks damages arising out of Defendant's actions and negligence on September 12, 2018.

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claim is asserted under the Montreal Convention.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391, as the Defendant is found in this district and is subject to personal jurisdiction in this district.

### THE PARTIES

4. At all times material, Plaintiff is a citizen and resident of Ecuador.

5. At all times material, Defendant, Latam Airlines Group, S.A. (hereinafter "LATAM"), is a foreign corporation authorized to do business under the laws of the state of New York, operating daily flights into and out of New York's John F. Kennedy International Airport.

6. At all times material, Defendant was and is a commercial carrier engaged in the business of carrying fare-paying passengers on regularly scheduled flights, in aircraft owned, leased, operated, and/or controlled by LATAM and its employees, agents, and/or representatives acting within the course and scope of their employment.

7. At all times material, Helen Victoria Warner is the designated registered agent for service of process on the Defendant; authorized to accept service of process pursuant to New York Law at 6500 NW 22nd Street, Miami, FL 33122-2234.

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

8. At all times material, Defendant was responsible for providing its crew, agents, servants, employees and contractors with standard industry training; basic medical emergency training; instructions and information on its company's policies and industry standards.

9. At all times material, Defendant owed to its passengers a duty to act reasonably and pursuant to industry standards.

10. At all times material, LATAM Flight Number 1439 was operated and serviced by Defendant, its agents, servants, employees and contractors, who were carrying out their duties and were acting within the scope of their employment.

11. On September 12, 2018, Plaintiff, a fare-paying passenger, boarded LATAM Flight Number 1439.

12. On September 12, 2018, LATAM Flight Number 1439 departed from New York City to Guayaquil, Ecuador.

13. On September 12, 2018, a LATAM flight attendant offered hot tea to Plaintiff; the flight attendant placed the cup in the hands of Plaintiff, not on the tray. The flight attendant said to Plaintiff "be careful, this is hot". In receiving the cup, Plaintiff immediately spilled the boiling tea on her left breast, armpit and side of her upper body.

14. As a result of the negligent actions of LATAM flight attendant, Defendant caused severe second-degree and third-degree burns to Plaintiff's body, more precisely on Plaintiff's skin covering her thoracic and abdominal regions, breast, armpit, and side of her upper body; causing Plaintiff's vital signs to become unstable.

15. As a result of the Defendant's negligence, Plaintiff experienced intense and severe pain; injuries; second-degree and third-degree burns; permanent scarring; loss of feeling, and emotional distress.

**NEGLIGENCE**

16. At all relevant times, Defendant had a duty to act reasonably and pursuant to industry standards.

17. At all relevant times, Defendant knew or should have known, using reasonable care, that providing boiling water used to make tea, in a moving aircraft, without a hot-cup sleeve, without securing the lid onto the cup, would create an unreasonable risk of injury to fare-paying passengers.

18. At all relevant times, Defendant acted unreasonably by providing Plaintiff with boiling water/tea, which was unfit for human consumption; and negligently by failing to provide immediate first aid to Plaintiff to avoid aggravation of Plaintiff's second-degree burns.

19. At all relevant times, Defendant:

    a. LATAM failed to reasonably utilize industry standard procedures;

    b. LATAM failed to make an in-flight announcement inquiring on whether there was any medical doctor aboard the aircraft who could assist Plaintiff, as per reasonable standard procedures;

    c. LATAM failed to timely notify paramedics of Plaintiff's medical emergency, pursuant to industry standard procedures;

    d. LATAM failed to timely request an ambulance to stand by the runway for immediate medical assistance upon landing, pursuant to industry standard procedures;

    e. LATAM failed to *first* disembark Plaintiff and *only thereafter* allow other passengers to disembark, pursuant to industry standard procedures and LATAM's own policies.

20. Defendant's negligence, gross negligence, omission to act, with knowledge of the probability of aggravation of Plaintiff's health condition, was an unusual and unexpected event – which was external to Plaintiff's body.

21. Plaintiff's injuries were caused by the direct and proximate result of Defendant's negligence and reckless disregard to the probable consequences of its omissions.

### REMEDY SOUGHT - DAMAGES

22. As a direct and proximate result of the defendant's negligence, Plaintiff has suffered damages including, but not limited to:

    a. Pain and suffering, with permanent scarring and the need for protracted and painful medical care;

b. Loss of income/lost wages;

c. Property damage;

d. Medical expenses;

e. Attorney's fees, costs, expert witness fees, translation fees and other expenses throughout the pendency of this action;

f. Pre and post-judgment interest on all damages, and

g. Any and all other damages to which Plaintiff may be entitled under applicable law, including The Montreal Convention, which establishes strict liability against the Defendant in the amount of $175,000.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs and such other relief as this Court deems appropriate. Furthermore, Plaintiff demands a trial by jury.

Dated: New York, New York
December 17, 2018

Respectfully submitted,

Viana Law Firm P.C.

*Michelle Viana*
By: Michelle Viana, Esq.
Attorneys for Plaintiff
NY BAR No. 4660874
NYSD BAR Code No. mv1360
380 Lexington Avenue, 17th Floor
New York, NY 10168
Phone: (646) 827-2221
Fax: (212) 253-4014
Email: mviana@vianalawfirm.com

(Desktop:/MViana.ComplaintSHORT.doc)